NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

INTEGON NATIONAL INSURANCE COMPANY,

        Plaintiff-Appellee,

  v.

BILLY REECE; AMBER REECE,

        Defendants-Appellants,

 and

C. N., a minor, by and through his Guardian Ad Litem Callie Nielsen,

        Defendant.

No.   19-17567

D.C. No.
1:18-cv-01192-LJO-JLT

MEMORANDUM*

INTEGON NATIONAL INSURANCE COMPANY,

        Plaintiff-Appellee,

  v.

C. N., a minor, by and through his Guardian Ad Litem Callie Nielsen,

        Defendant-Appellant,

 and

No.   19-17568

D.C. No.
1:18-cv-01192-LJO-JLT

BILLY REECE; AMBER REECE,

          Defendants.

Appeal from the United States District Court
for the Eastern District of California
Lawernce J. O'Neill, District Judge, Presiding

Submitted December 8, 2020[**]
San Francisco, California

Before: MURGUIA and CHRISTEN, Circuit Judges, and SESSIONS,[***] District Judge.

Appellants Billy and Amber Reece and C.N., a minor, bring this consolidated appeal of the district court's entry of summary judgment in favor of Integon National Insurance Company ("Integon"). We have jurisdiction under 28 U.S.C. § 1291, and reviewing de novo, *United States v. Swisher*, 811 F.3d 299, 306 (9th Cir. 2016) (en banc), we affirm.

C.N. filed suit in state court against the Reeces for negligent supervision and entrustment, claiming injuries suffered while riding on the Reeces' electric golf cart. The Reeces sought coverage from Integon under their homeowners' policy.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

The policy excluded coverage for motor vehicle accidents, including accidents resulting from negligent supervision or entrustment. The exclusion had an exception, however, for vehicles designed for recreational use off public roads, so long as the "occurrence" took place at the "insured location.". The "insured location" in this case was the Reeces' home. C.N. was allegedly injured while on a public roadway.

Because the public roadway was not an "insured location," the Integon homeowners' policy does not encompass C.N.'s claims. An insurance policy is a contract, and under California law, "[t]he fundamental rules of contract interpretation are based on the premise that the interpretation of a contract must give effect to the 'mutual intention' of the parties." *Waller v. Truck Ins. Exch., Inc.*, 900 P.2d 619, 627 (Cal. 1995), *as modified on denial of reh'g* (Oct. 26, 1995). California law also endorses a "common sense" reading of an insurance policy. *See, e.g., Foremost Ins. Co. v. Eanes*, 184 Cal. Rptr. 635, 637 (Cal. Ct. App. 1982). Here, a common sense reading of the Integon policy reveals the parties' intent to cover only those "occurrences" that happened on the Reeces' property. C.N.'s alleged injuries were suffered outside that policy limitation.

Appellants urge us to find coverage on the basis of the Reeces' location at the time of the accident, arguing that the relevant "occurrence" was their allegedly-negligent supervision while at their home. Such coverage would be inconsistent

3

with the language of the homeowners' policy, as the parties clearly intended to exclude motor vehicle accidents, and any resulting injuries, suffered away from the insured location.

Appellants' reliance on *Liberty Surplus Ins. Corp. v. Ledesma & Meyer Construction Co.*, 418 P.3d 400 (Cal. 2018), *as modified* (July 25, 2018) ("*Liberty Surplus*"), is misplaced. *Liberty Surplus* considered whether an employer's negligent hiring and supervision of an employee was an "occurrence," and whether the alleged injury, though inflicted intentionally, could be considered an "accident." 418 P.3d at 402. Those issues are not presented here. Moreover, *Liberty Surplus* was "not concerned with *where* the accident occurred but with *whether* there was an 'accident' within the scope of the policy language." *Id.* at 406. In this case, the location of the accident is fundamental. Because the "occurrence" in this case did not take place at an insured location, there is no coverage.

**AFFIRMED.**

Appellants to bear costs.